IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,905-01






EX PARTE BARCLAY RAGLAND, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-06-771 IN THE 22ND DISTRICT COURT


FROM HAYS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with
intent to deliver methamphetamine, possession of marihuana, and possession of
tetrahydrocannabinol. He was sentenced to forty-seven years' imprisonment for possession with
intent to deliver methamphetamine, and two years' state jail confinement in each possession case. 
Applicant's conviction was affirmed on appeal. Ragland v. State, No. 03-07-00412-CR (Tex.
App.--Austin Oct. 3, 2008) (unpublished). 

 Applicant contends that his trial counsel rendered ineffective assistance because counsel did
not convey a plea offer for eight years' imprisonment, and allowed the offer to lapse. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Argent, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall make findings as to whether the State made
a plea-bargain offer of eight years' imprisonment in this case. If so, the trial court shall also make
specific findings as to whether: (1) Applicant would have accepted the earlier offer if counsel had
not given ineffective assistance; (2) the prosecution would not have withdrawn the offer; and (3) the
trial court would not have refused to accept the plea bargain. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: September11, 2013

Do not publish